UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                Case No: 1:14-CR-133

v.                                      HON. ROBERT HOLMES BELL
                                          U.S. District Judge

JOHN RICHARD BALYO,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between JOHN RICHARD BALYO ("the defendant") and the United States Attorney's Office for the Western District of Michigan ("the U.S. Attorney's Office"). The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty.</u>   The defendant agrees to waive indictment by a grand jury and plead guilty to Counts One and Two of the Information. The defendant also agrees to forfeit the property listed in the Forfeiture Allegation.

      a.   Count One charges the defendant with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

      b.   Count Two charges the defendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

      c.   The Forfeiture Allegation provides for the forfeiture of visual depictions and any matter containing such visual depictions; any property, real or personal, used or intended to be used to commit or promote the commission of violations of 18

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

U.S.C. Chapter 110; and any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses.

2. <u>The Defendant Understands the Crimes</u>.

   a. In order for the defendant to be guilty of violating 18 U.S.C. § 2251(a), the following must be true:

      i. The defendant knowingly employed, used, persuaded, induced, enticed, or coerced an individual to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct;

      ii. Such visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

      iii. The individual was under the age of eighteen at the time of the offense.

   b. In order for the defendant to be guilty of violating 18 U.S.C. § 2252A(a)(5)(B), the following must be true:

      i. The defendant knowingly possessed one or more materials;

      ii. At the time of such possession, the defendant knew this material or materials contained visual depictions of child pornography; and

      iii. The visual depictions of child pornography were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

The defendant is pleading guilty because he is guilty of the charges described above.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

3. The Defendant Understands the Penalties.

   a. The statutory penalties for a violation of 18 U.S.C. § 2251(a) are the following:

      i. Maximum term of imprisonment: 30 years
      ii. Minimum term of imprisonment: 15 years
      iii. Maximum term of supervised release: Lifetime
      iv. Minimum term of supervised release: 5 years
      v. Maximum fine: $250,000.00
      vi. Special Assessment: $100.00

   b. The statutory penalties for a violation of 18 U.S.C. § 2252A(a)(5)(B) are the following:

      i. Maximum term of imprisonment: 20 years
      ii. Minimum term of imprisonment: 0 years
      iii. Maximum term of supervised release: Lifetime
      iv. Minimum term of supervised release: 5 years
      v. Maximum fine: $250,000.00
      vi. Special Assessment: $100.00

   The defendant agrees to pay the special assessments at or before the time of sentencing, unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. Restitution. The defendant understands that he will be required to pay full restitution as required by law. *See* 18 U.S.C. §§ 2259, 3663, 3663A. The defendant also agrees to make full restitution to any victim of his child sexual exploitation. The defendant agrees that the restitution order is not restricted to the losses related to the counts to which he is pleading guilty. The parties currently do not know the applicable amount of restitution and agree that the amount will be determined at sentencing.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

5. <u>Forfeiture</u>.   The defendant agrees to forfeit the computers, cellular telephones, computer-related equipment, photographic equipment, pornographic images of children, and child erotica used in the commission of the offenses to which he is pleading guilty. The property to be forfeited includes the following:

   a. Apple iMac computer, Serial Number W80449CWDB6;

   b. External hard drives, thumb drives, memory/SD cards, CDs, DVDs, compact flash cards, and removable storage media containing materials relating to the sexual exploitation of children;

   c. All photographic equipment seized from the defendant's residence on or about June 20, 2014;

   d. All material seized from the defendant's Kent County storage unit on or about June 20, 2014; and

   e. All material transferred to a third party or parties in or about June 2014 that relates to the sexual abuse or exploitation of children.

   The defendant agrees that the above-listed property was used to commit, promote the commission, or facilitate the offense charged in Counts One and Two and should be forfeited to the Government pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3).

6. <u>Registration</u>.   The defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

where he was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to prosecution.

7. <u>Medical Tests</u>. The defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. The defendant further agrees that if the initial test for the etiologic agent for acquired immune deficiency syndrome is negative, he will be re-tested six (6) months and twelve (12) months following the initial test. (42 U.S.C. § 14011.)

8. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

9. <u>Cooperation in Criminal Investigations</u>. The defendant agrees to cooperate fully with Homeland Security Investigations, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Information, as well as the investigation of other crimes over which they have actual or apparent jurisdiction. The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete, and truthful statement concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; submitting to and passing polygraph examination(s) upon request; truthfully testifying before grand juries and in any court proceedings; meeting with prosecutors before testifying; and providing all relevant tangible evidence in the defendant's possession or under the defendant's control, including, but not limited to, objects, documents, and photographs. The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to come forward voluntarily with any and all information which the defendant should reasonably know will assist in the investigation of other criminal activity. The defendant will not commit any criminal offense during the course of his cooperation with the United States. The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

10. <u>The U.S. Attorney's Office Agrees:</u>

   a. Not to prosecute the defendant further for violations of 18 U.S.C. §§ 2251(a), 2252, or 2252A that arise from this investigation, provided that the conduct is disclosed to the Government by the defendant or his attorney prior to the date of this agreement. The defendant understands that the U.S. Attorney's Office is free to prosecute the defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

   b. Not to oppose the defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Guidelines, provided the defendant continues to satisfy the criteria for such a reduction. Should the Court grant a two-level reduction as provided herein, the Government certifies that the plea was provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

   c. The U.S. Attorney's Office agrees that information provided by the defendant through the defendant's proffers, and any information provided pursuant to the defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffers. It is expressly understood,

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

however, that such information will not be concealed from the probation office or the Court and may be used by the Government at sentencing if the defendant takes a position at sentencing that contradicts information provided by the defendant pursuant to this agreement or any proffer agreement.

11. <u>Waiver of Trial Rights.</u>   By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him;

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt;

   c. The right to confront and cross-examine witnesses against the defendant;

   d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify; and

   e. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against him.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

  f. By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>Waiver of Appeal and Collateral Attack</u>. The defendant understands that the law affords the defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal the conviction and sentence (and the manner in which the sentence was imposed) on the grounds set forth in 18 U.S.C. § 3742, or any ground whatsoever, unless the sentence exceeds the greater of the guideline range, as determined by the Court at sentencing, or the mandatory minimum. The defendant retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. The defendant also retains the right to appeal a sentence that exceeds the combined statutory maximum of the counts of conviction. In addition, as a matter of law, the defendant retains the right to appeal a sentence based upon an unconstitutional factor, such as race, religion, national origin or gender. The defendant acknowledges that this waiver is in exchange for the substantial concessions made by the U.S. Attorney's Office in this plea agreement, including those enumerated in Paragraph 10 of this agreement. The defendant also waives the right to challenge his conviction and sentence and the manner in which his sentence was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a challenge that goes to the validity of this waiver, such as a

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

13. <u>FOIA Waiver</u>. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552; or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>Waiver of Attorney Fees</u>. The defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

15. <u>The Court Is Not a Party to this Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

promise regarding the sentence the defendant will receive, except that it will be within the statutory minimum and maximum.

16. <u>This Agreement Is Limited to the Parties</u>.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>.   If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the U.S. Attorney's Office elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the U.S. Attorney's Office shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. John Richard Balyo*
*1:14-CR-133*
*Plea Agreement*

18. <u>This Is the Complete Agreement.</u>   This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

_7/24/14_
Date

_[signature]_
TESSA K. HESSMILLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_7-24-14_
Date

_[signature]_
JOHN RICHARD BALYO
Defendant

I am Mr. Balyo's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_July 24, 2014_
Date

_[signature]_
DAVID A. DODGE
Counsel for Defendant